IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHATEAMA JOHNSON, | ) | CASE NO. 1:14 CV 245 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.     Nature of the case and proceedings**

This is an action by Phateama Johnson under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 16.

[3] ECF # 12.

[4] ECF # 13.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] A telephonic oral argument was scheduled to be held on January 7, 2015.[10] It was postponed because of a misunderstanding as to the date set by the Court's order. After review of the briefs, the issue presented, and the record, I determined that this case can be decided without oral argument.

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

The ALJ found that Johnson had the following severe impairments: degenerative joint disease (status post right femur fracture with internal fixation in 2004), obesity, history of pulmonary embolism with continued asthma, borderline intellectual functioning, and substance abuse.[11] The ALJ decided that the relevant impairments did not meet or equal a listing.[12] At step three, however, the ALJ did find that Johnson had moderate difficulties with

---

[5] ECF # 6.

[6] ECF # 14.

[7] ECF # 19 (Johnson's brief), ECF # 25 (Commissioner's brief).

[8] ECF # 19-1 (Johnson's charts), ECF # 25-1 (Commissioner's charts).

[9] ECF # 20 (Johnson's fact sheet).

[10] ECF # 27.

[11] ECF # 13, Transcript of Proceedings ("Tr.") at 13.

[12] *Id.* at 14.

concentration, persistence, or pace.[13] The ALJ made the following finding regarding Johnson's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is limited to simple, routine and repetitive tasks with no concentrated exposure to temperature extremes, humidity, strong odors, fumes, dusts, chemicals or other respiratory irritants. The claimant can have no more than superficial interaction with the public.[14]

Johnson has no past relevant work.[15]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Johnson could perform.[16] The ALJ, therefore, found Johnson not under a disability.[17]

**C.     Issue on judicial review and decision**

Johnson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Johnson presents the following issue for judicial review:

---

[13] *Id.* at 15.

[14] *Id.* at 16-17.

[15] *Id.* at 24.

[16] *Id.* at 25.

[17] *Id.* at.

The state agency reviewing psychologists opined that Johnson should be limited to tasks that do not require rapid pace or quotas. The ALJ's RFC finding does not include this limitation, although the ALJ assigned the opinions of those state agency reviewing psychologists great weight. Does substantial evidence support the RFC?

For the reasons that follow, I conclude that the ALJ's no-disability finding lacks the support of substantial evidence. Therefore, the decision of the Commissioner denying Johnson's application for supplemental security income must be reversed and the case remanded for further administrative proceedings.

## Analysis

Two state agency reviewing psychologists issued opinions limiting Johnson to simple work with no rapid pace or quotas.[18] The opinion of the ALJ acknowledged the state agency reviewing psychologists' opinions, including the limitations on rapid pace or quotas, and assigned these opinions great weight.[19] At step three, the ALJ found that Johnson had moderate difficulties with concentration, persistence, or pace.[20] The RFC finding does not include any limitation on pace or quotas, however.[21]

Johnson argues that given the opinions of the state agency reviewing psychologists; the ALJ's express acknowledgment of those opinions and the limitations therein; and the

---

[18] Tr. at 85-88 (Vicki Warren, Ph.D.) and 100-06 (Bruce Goldsmith, Ph.D.).

[19] *Id.* at 24.

[20] *Id.* at 15.

[21] *Id.* at 17.

finding of moderate difficulties in concentration, persistence, or pace; the ALJ should either have incorporated the limitation in the RFC or given an explanation as to why that limitation should be excluded. Johnson relies heavily on the Sixth Circuit's opinion in *Ealy v. Commissioner of Social Security*.[22] In *Ealy*, the Sixth Circuit held that where the ALJ makes a finding of moderate difficulties with concentration, persistence, or pace; and the medical source opines express durational or pace limitations to address those difficulties; the ALJ has a duty to either incorporate the limitations in the RFC or explain why he has excluded them from the finding.[23]

*Ealy* controls the outcome in this case. Here, the state agency reviewing psychologists clearly opined the limitations at issue. Further, in discussing those opinions, the ALJ acknowledged those limitations. He did not include them, however, in the RFC finding. He assigned the opinions of the state agency reviewing psychologists great weight. He gave no explanation, however, for excluding the limitations at issue.

The Commissioner responds that the transcript contains a consulting examination from psychologist Herschel Pickholtz, Ph.D. that supports the exclusion of those limitations in the RFC.[24] Dr. Pickholtz gave that opinion with respect to a prior application, and his evaluation took place over three years before the onset date on this application.[25] Although the ALJ

---

[22] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

[23] *Id.* at 516-17.

[24] ECF # 25 at 7-8.

[25] Tr. at 519-25.

acknowledges Dr. Pickholtz's examination and opinion in the decision,[26] he assigned it only some weight[27] explaining that he gave greater weight to new evidence contained in the record.[28] That new evidence included the opinions of Drs. Warren and Goldsmith, given after the onset date for this application. Further, both Dr. Goldsmith and Dr. Warren had the benefit of reviewing a consultative examination done by Margaret Zerba, Ph.D., which noted substantial mental impairments and resulting limitations.[29] Dr. Warren, one of the state agency reviewing psychologists, refused to give Dr. Pickholtz great weight because it was from an earlier time period.[30] She gave Dr. Zerba's opinion less than full weight because the medical evidence indicated greater functioning than Dr. Zerba allowed.[31] Nevertheless, the medical evidence, according to Dr. Warren and Dr. Goldsmith, justified the limitations at issue, which the ALJ did not incorporate into the RFC. Dr. Pickholtz's opinion, therefore, cannot supply substantial evidence in support of the ALJ's decision to exclude the limitations at issue from the RFC.

---

[26] *Id.* at 19.

[27] *Id.* at 23.

[28] *Id.*

[29] *Id.* at 785-89.

[30] *Id.* at 86.

[31] *Id.*

acknowledges Dr. Pickholtz's examination and opinion in the decision,[26] he assigned it only some weight[27] explaining that he gave greater weight to new evidence contained in the record.[28] That new evidence included the opinions of Drs. Warren and Goldsmith, given after the onset date for this application. Further, both Dr. Goldsmith and Dr. Warren had the benefit of reviewing a consultative examination done by Margaret Zerba, Ph.D., which noted substantial mental impairments and resulting limitations.[29] Dr. Warren, one of the state agency reviewing psychologists, refused to give Dr. Pickholtz great weight because it was from an earlier time period.[30] She gave Dr. Zerba's opinion less than full weight because the medical evidence indicated greater functioning than Dr. Zerba allowed.[31] Nevertheless, the medical evidence, according to Dr. Warren and Dr. Goldsmith, justified the limitations at issue, which the ALJ did not incorporate into the RFC. Dr. Pickholtz's opinion, therefore, cannot supply substantial evidence in support of the ALJ's decision to exclude the limitations at issue from the RFC.

---

[26] *Id.* at 19.

[27] *Id.* at 23.

[28] *Id.*

[29] *Id.* at 785-89.

[30] *Id.* at 86.

[31] *Id.*

acknowledges Dr. Pickholtz's examination and opinion in the decision,[26] he assigned it only some weight[27] explaining that he gave greater weight to new evidence contained in the record.[28] That new evidence included the opinions of Drs. Warren and Goldsmith, given after the onset date for this application. Further, both Dr. Goldsmith and Dr. Warren had the benefit of reviewing a consultative examination done by Margaret Zerba, Ph.D., which noted substantial mental impairments and resulting limitations.[29] Dr. Warren, one of the state agency reviewing psychologists, refused to give Dr. Pickholtz great weight because it was from an earlier time period.[30] She gave Dr. Zerba's opinion less than full weight because the medical evidence indicated greater functioning than Dr. Zerba allowed.[31] Nevertheless, the medical evidence, according to Dr. Warren and Dr. Goldsmith, justified the limitations at issue, which the ALJ did not incorporate into the RFC. Dr. Pickholtz's opinion, therefore, cannot supply substantial evidence in support of the ALJ's decision to exclude the limitations at issue from the RFC.

---

[26] *Id.* at 19.

[27] *Id.* at 23.

[28] *Id.*

[29] *Id.* at 785-89.

[30] *Id.* at 86.

[31] *Id.*

I have reviewed the testimony of the vocational expert, Brett Salkin.[32] The hypothetical posed to him mirrored the RFC finding.[33] The record does not disclose, therefore, if the vocational expert would have opined the existence of a significant number of jobs if the hypothetical had included the additional limitations at issue. That must be determined on remand, if the ALJ on reconsideration modifies the RFC finding.

The Commissioner also argues that various other observations made by the ALJ justify exclusion of the limitations at issue from the RFC, such as daily activities.[34] Johnson correctly argues in rebuttal that the ALJ did not discuss this other evidence in the context of the exclusion of the limitations on pace or quotas. This argument, therefore, constitutes *post hoc* rationalization.[35] *Ealy* requires the ALJ to be more specific if he decides to exclude pace or durational limitations opined by an expert whose opinion is given great weight by the ALJ.

On remand, the ALJ must reconsider the RFC finding and, if appropriate, pose to a vocational expert a hypothetical incorporating additional limitations adopted by an amended

---

[32] *Id.* at 70-74.

[33] *Id.* at 71-72.

[34] ECF # 25 at 9-10.

[35] ECF # 26 at 2.

RFC.[36] If the ALJ persists in excluding pace-based limitations from the RFC, he must give an explanation with citations to the medical evidence in the transcript justifying that exclusion despite the opinions of the state agency reviewing psychologists.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Johnson had no disability. Therefore, the decision of the Commissioner denying Johnson supplemental security income is reversed and the case remanded for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: January 14, 2015                             s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[36] Johnson also challenges the ALJ's decision to exclude limitations on interaction with supervisors and co-workers. Drs. Warren and Goldsmith limited Johnson to superficial interaction with those parties. Tr. at 88, 105. The ALJ should also address those limitations on remand.